UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CAMONY IMANYE GRADY,**

    **Plaintiff,**

v.

Case No.: 5:24-cv-00605-GAP-PRL

**UNITED STATES OF AMERICA,**

    **Defendant,**

_____/

**ORDER**

This matter is before the Court on Defendant's motion to compel Plaintiff to provide initial disclosures that fully comply with Rule 26(a)(1)(iii). (Doc. 20). Specifically, Defendant seeks a complete computation of Plaintiff's claimed damages. Plaintiff has not filed a response to the instant motion and her deadline for doing so has passed. Accordingly, the Court treats the motion as unopposed.

Pursuant to Rule 26(a), a party must provide to the other parties:

> A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed.R.Civ.P. 26(a)(1)(iii). Rule 26(a) further provides, "[a] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case." Fed.R.Civ.P. 26(a)(1)(E).

On March 10, 2025, Plaintiff provided her initial disclosure. (Doc. 20-1). Defense counsel promptly advised Plaintiff's counsel that the disclosure did not provide a computation of any of her claimed damages as required by Rule 26. (Doc. 20-2). On March 14, 2025, Plaintiff provided an amended initial disclosure. (Doc. 20-3). The amended initial disclosure includes a listing of past medical bills/expenses. (Doc. 20-3 at 3-4). It also lists two more categories of damages—future medical expenses and non-economic damages. As to future medical expenses, it simply states, "these amounts have not yet been determined" and they "will be provided by Plaintiff's physicians or through expert testimony." Likewise, Plaintiff states that she intends on seeking a "significant amount of non-economic damages, but the specific amount has not been calculated;" and that the non-economic damages will ultimately be determined by the trier of fact in this case." Plaintiff's counsel contends that "he has no way of computing" Plaintiff's future medical care or non-economic damages at this stage in the litigation. (Doc. 20-4).

Plaintiff's position is unpersuasive. Rule 26 expressly requires a party to make a computation to support each category of requested damages and clarifies that a "party is not excused from making its disclosures because it has not fully investigated the case." Courts have acknowledged that "'although estimates are often necessary in lieu of the precise damage calculation, they do not preclude a party from complying with the rule.'" *MS Health, Inc. v. Catholic Charities, Diocese of St. Petersburg, Inc.*, No. 8:20-cv-2118-VMC-AAS, 2021 WL 1338836, at *2 (M.D. Fla. April 9, 2021). And, in order "to comply with the initial disclosure requirements of Rule 26, parties must perform 'some analysis,' and cannot rely on general statements." *Id.*; *see also, Essex builders Group, Inc. v. Amerisure Ins. Co.,* 230 F.R.D. 682, 685 (M.D. Fla. 2005) (holding that answer to interrogatory seeking "exact amount of money

damages" was not answered sufficiently, where plaintiff responded by stating that it was not yet able to itemize the exact amount of damages, and that the allocation of damages would be the subject of expert testimony, which was not yet due under the court's scheduling order.).

Here, the Court agrees that Plaintiff's amended damages disclosure is inadequate under Rule 26(a)(1). Indeed, the disclosure provides neither computations nor documents in support of Plaintiff's claimed future medical expenses and non-economic damages. "The defendant cannot calculate or guess the damages the plaintiff requests; instead, the plaintiff must provide, in the initial disclosures, the plaintiff's computation to support the requested damages, and must supplement those initial disclosures as appropriate." *MS Health, Inc. v. Catholic Charities, Diocese of St. Petersburg, Inc.*, No. 8:20-cv-2118-VMC-AAS, 2021 WL 1338836, at *2 (M.D. Fla. April 9, 2021).

Accordingly, and in the absence of any objection by Plaintiff, Defendant's motion to compel (Doc. 20) is **granted**. Within **ten days** of this Order, Plaintiff shall serve Defendant with amended initial disclosures that include a computation of all claimed damages—including future medical care and non-economic damages.

DONE and ORDERED on May 6, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge